IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:11-HC-2060-F

| | | |
|---|---|---|
| DAVID WILLIAM RAYFIELD | ) | |
| | ) | |
| | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| | ) | **ORDER** |
| v. | ) | |
| | ) | |
| SANDRA THOMAS, et al., | ) | |
| | ) | |
| | ) | |
| Respondent. | ) | |

This matter came before the court on the motion for summary judgment (DE # 8) pursuant to Federal Rule of Civil Procedure 56 of respondent Sandra Thomas ("respondent"). For the following reasons, the court grants respondent's motion.

**STATEMENT OF CASE**

On January 11, 2005, in the Harnett County Superior Court, petitioner pleaded guilty to eight counts of obtaining controlled substances by fraud, and to attaining the status of habitual felon. Resp't's Ex. 1. Petitioner's plea transcript stated the following terms:

> Defendant admits 18 prior convictions & stipulates defendant is a level IV for habitual felon sentencing & a level V for felony sentencing. Defendant is to receive 3 sentences, the first for 2 counts of obtaining controlled substance by fraud & is to consist of 6-8 months in the Department of Corrections, the second is for 2 additional counts & is to consist of a 7-9 month sentence suspended for 36 months with a special term & condition of probation [that] defendant successfully complete the 2 year residential Recovery Ventures Corporation program [and] any other terms imposed by the Court. Should the defendant successfully complete the program, the remaining charges will be dismissed. Should the defendant, for any

> reason, fail to complete the program, the defendant will be returned
> to Court for habitual felon sentencing.

Id. Petitioner then was sentenced in accordance with the terms set forth in his transcript of plea. Id.

On February 18, 2005, the superior court found petitioner failed to successfully complete the Recovery Ventures Program, and subsequently sentenced him to a one hundred twenty (120) to one hundred fifty-three (153) month term of imprisonment. Id. Ex. 3. The superior court judge also activated petitioner's remaining probationary sentence of seven to nine months imprisonment, and ran it concurrent to his newly imposed term of imprisonment. Id. On May 2, 2006, the court of appeals affirmed the trial court's judgments revoking petitioner's probation. See State v. Rayfield, 177 N.C. App. 463, 628 S.E.2d 868 (2006).

On July 14, 2010, petitioner filed a *pro se* motion for appropriate relief ("MAR") in the Harnett County Superior Court, which was summarily denied on August 27, 2010. Resp't's Mem. Exs. 8 and 9. On October 4, 2010, petitioner filed a *pro se* petition for a writ of certiorari in the North Carolina Court of Appeals. Id. Ex. 10. The court of appeals dismissed petitioner's certiorari petition on October 18, 2010. Id. Ex. 12.

On March 25, 2011,[1] petitioner filed this *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, alleging the he received ineffective assistance of counsel and that his habitual felon indictment/conviction was defective. In particular, petitioner alleges that a prior Mississippi State court conviction (case number 3509) erroneously was used as one of the three prior felony convictions to achieve his habitual felon status in the instant action. Petitioner asserts that case

---

[1] Providing petitioner the benefit of the mailbox rule, the court deems his petition, dated March 25, 2011, but filed on March 30, 2011, to be filed on March 25, 2011. See Houston, 487 U.S. at 276.

2

number 3509 should not have been used to achieve his habitual felon indictment/conviction because he was not convicted of the offense.

On May 20, 2011, respondent filed a motion for summary judgment, arguing that petitioner's habeas petition was filed outside of the statute of limitations, and therefore is time-barred. Alternatively, respondent argues that the petition is without merit. Petitioner filed three responses to respondent's motion.

## DISCUSSION

I.  Summary Judgment

   A.  Standard of Review

Summary judgment is appropriate when there exists no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Anderson v. Liberty Lobby, 477 U.S. 242, 247 (1986). The party seeking summary judgment bears the burden of initially coming forward and demonstrating an absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the nonmoving party then must affirmatively demonstrate that there exists a genuine issue of material fact requiring trial. Matsushita Elec. Industrial Co. Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). There is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. Anderson, 477 U.S. at 250.

   B.  Analysis

Respondent argues that petitioner's petition is barred by the statute of limitations. Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a writ of habeas corpus by a

3

person in custody pursuant to the judgment of a state court must be filed within one year. 28 U.S.C. § 2244(d)(1). The period begins to run from the latest of several dates:

> A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; B) the date on which the impediment to filing an application . . . is removed . . .; C) the date on which the constitutional right was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Id.

The statutory period began to run in this case on the date petitioner's judgment became final. The North Carolina Court of Appeals denied petitioner's appeal on May 2, 2006. Petitioner then had thirty-five (35) days, until June 6, 2006, to file a notice of appeal with the North Carolina Supreme Court where there is an appeal of right and/or a petition for discretionary review. See N.C. R. App. P. 14(a) and 15(b) (petition for discretionary review may be filed within 15 days after issuance of the mandate by the Court of Appeals); N.C. R. App. P. 32(b) (mandate issues 20 days after written opinion unless court orders otherwise). Because petitioner did not file a notice of appeal or a petition for discretionary review to the North Carolina Supreme Court, he is not entitled to an additional ninety (90) days to file a petition for a writ of certiorari in the United States Supreme Court. See Gonzalez v. Thaler, __ S.Ct. __, 2012 WL 43513. *10 (2012). Thus, petitioner's conviction became final on June 6, 2006, when his case became final for purposes of direct appellate review.

Here, the one-year limitation period began to run on June 6, 2006, when his conviction became final, and ran for three hundred sixty-five (365) days until it expired on June 7, 2007.

4

Petitioner did not file his habeas petition in this court until March 25, 2011, well after the expiration of the one year statute of limitations time period.

1.  Statutory Tolling

As a defense to the running of the statute of limitations pursuant to § 2244(d)(1)(A), petitioner contends that he is entitled to belated commencement of the limitation period under § 2244(d)(1)(D). The statute of limitation period is triggered pursuant to § 2244(d)(1)(D) on the date which the exercise of due diligence would have led the petitioner to discover the factual predicate of his claim. Green v. Johnson, 515 F.3d 290, 305 (4th Cir. 2008) (citing Wade v. Robinson, 327 F.3d 328, 331 (4th Cir. 2003). The Fourth Circuit Court of Appeals has held that the limitations period begins to run when a petitioner could have discovered the factual predicate of his claim through public sources. Green v. Johnson, 515 F.3d at 305; Wade, 327 F.3d at 333. In evaluating a petitioner's diligence, a court must consider that the "statute's clear policy calls for promptness." Johnson v. United States, 544 U.S. 295, 311 (2005). Finally, "the petitioner bears the burden of proving that he exercised due diligence, in order for the statute of limitations to begin running from the date he discovered the factual predicate of his claim, pursuant to 28 U.S.C. § 2244(d)(1)(D)." DiCenzi v. Rose, 452 F.3d 465, 471 (6th Cir. 2006) (citing Lott v. Coyle, 261 F.3d 594, 605-06 (6th Cir. 2001).

In this case, petitioner asserts that he did not discover the factual predicate of his claim regarding his habitual felon indictment/conviction until June 24, 2010, when the Mississippi State court issued a final judgment dismissing and expunging his conviction in case number 3509. In response, respondent contends, and petitioner admits, that petitioner was aware of the fact that he was not convicted of the offense in case number 3509 at the time he pleaded guilty in the instant

5

action.[2] Mem. in Supp. of Pet. pp. 7-8. Petitioner, however, contends that he could not raise his habitual felon challenge prior to June 24, 2010, because it would have been barred pursuant to N.C. Gen. Stat. § 15A-1420(b)(1), for lack of evidentiary support. Based upon the foregoing, the court must determine whether petitioner acted with diligence in pursing evidentiary support for his claim.

The record reflects that petitioner attempted to obtain evidence of his non-conviction in case number 3509 in 2005 and 2006, but that his attempts were unsuccessful. See (DE # 1, Ex. H.) Petitioner eventually was successful in obtaining evidence to support his habitual felon claim in October 2008, in the form of a letter from the Mississippi State Attorney General indicating that case number 3509 was a non-adjudicated sentence. See (DE # 4, attach.) The Attorney General further informed petitioner that "[t]he imposition of a non-adjudicated sentence is not considered a conviction." Id. Finally, the Attorney General provided petitioner a copy of a Mississippi court order, executed on February 8, 1985, reflecting his non-adjudicated sentence in case number 3509. Id. Despite the availability of the information regarding case number 3509 in 2008, petitioner did not file his MAR in Harnett County until July 14, 2010, nearly two years after obtaining the letter from the Mississippi Attorney General. Petitioner presents no explanation for his two-year delay in pursuing post-conviction relief. Accordingly, if petitioner had acted with due diligence, he could have obtained evidence, contained in the public record, in support of his claim well before he received the June 24, 2010 order formally dismissing and expunging his conviction in case number

---

[2] Petitioner states that he informed his trial counsel that he was not convicted of any offense in case number 3509 prior to pleading guilty to the habitual felon charge. Petitioner states that his counsel responded that this information was irrelevant because he had additional felonies that could be substituted to support his habitual felon indictment/conviction. Petitioner then proceeded to plead guilty. Mem. in Supp. of Pet. pp. 7-8.

6

3509. See Johnson,[3] 544 U.S. at 311 (finding that *pro se* status and "procedural ignorance" were no excuse for his "prolonged inattention" to prior invalidated state court conviction). Therefore, § 2244(d)(1)(A) and not § 2244(d)(1)(D) provides the starting date for the period of limitation, and the action is time-barred.

    2.    Equitable Tolling

Petitioner contends that he is entitled to equitable tolling. Even though the purpose of the AEDPA is to "reduce delays in the execution of state and federal criminal sentences . . . and to further the principles of comity, finality, and federalism," the Fourth Circuit has held that "the AEDPA statute of limitations is subject to equitable tolling." Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003) (en banc). Nonetheless, the Fourth Circuit has noted the rarity in which equitable tolling applies. "Any invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes. . . . Principles of equitable tolling do not extend to garden variety claims of excusable neglect." Id. at 246 (citing Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 96 (1990)). Rather, equitable tolling only is "appropriate when . . . extraordinary circumstances beyond [the petitioner's] control prevented him from complying with the statutory time limit." Id. (citation and quotations omitted).

---

[3] In Johnson, the petitioner sought a belated commencement of the limitation period to file a motion pursuant to 28 U.S.C. § 2255, until the state that he successfully invalidated a prior state court conviction that had been used to enhance his federal sentence. Johnson, 544 U.S. at 298-301. The Court found that the petitioner failed to exhibit the requisite diligence where he waited over twenty-one (21) months after his federal conviction became final before challenging "the predicate for enhancement by filing his state habeas petition." Id. at 311.

7

Petitioner argues he is entitled to equitable tolling because he received ineffective assistance of trial and appellate counsel because they failed to pursue his issue on appeal. Generally, ineffective assistance of counsel does not warrant equitable tolling. See Beery v. Ault, 312 F.3d 948, 951 (8th Cir. 2002), certiorari denied, 539 U.S. 933 (2003), (citing Harris v. Hutchinson, 209 F.3d 325, 331 (4th Cir. 2000)); but see, Maples v. Thomas, __ U.S. __, 2012 WL 125438, *10 (2012) (finding cause for procedural default where attorney "abandons his client without notice, and thereby occasions the default."); Holland v. Florida, _ U.S. _,130 S.Ct. 2549 (2010) (remanding for determination whether counsel's ineffective assistance warranted tolling in view of diligence exercised by prisoner.) However, equitable tolling based upon attorney negligence may be available in cases that are more egregious than a "garden variety claim of excusable neglect." United States v. Oriakhi, No. 08-8224, 2010 WL 3522005, at *1 (4th Cir. Sept. 10, 2010) (unpublished) (citing Holland v. Florida, 130 S.Ct. at 2562-65.) (quotation omitted). Extraordinary circumstances may be demonstrated by a showing of an extraordinary "failure by the attorney to provide reasonably competent legal work, to communicate with his client, to implement his client's reasonable requests, to keep his client informed of key developments in their case, or to never abandon a client." Id.

In this case, petitioner has failed to assert how his counsels' conduct interfered with his filing of a timely habeas petition. In particular, petitioner has not explained how the ineffectiveness of either his trial or appellate counsel prevented him from raising his habitual felon challenge after receiving the documents from the Mississippi Attorney General in October 2008. Accordingly, petitioner has not demonstrated that "extraordinary circumstances" beyond his control prevented him from complying with the statutory time limit. See Rouse, 339 F.3d at 246. Thus, this ground for equitable tolling is without merit.

Petitioner additionally claims he is entitled to equitable tolling because he did not have access to a law library, because he did not have legal experience, and because he sought the assistance of North Carolina Prisoner Legal Services ("NCPLS"). These contentions do not constitute exceptional circumstances for the purposes of equitable tolling. See Harry v. Johnson, No. 2:06cv28, 2006 WL 3299992, *3 (E.D. Va. 2006) (unpublished) (stating that delays due to seeking legal advice and related allegations of inadequate prison law libraries are not sufficient extraordinary circumstances for equitable tolling) (unpublished); Unites States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004) (stating that ignorance of the law is not a basis for equitable tolling); Dockery v. Beck, No. 1:02CV00070, 2002 WL 32813704 at *2 (M.D.N.C. Aug. 1, 2002) (unpublished) (rejecting equitable tolling claim based on petitioner's assertion that he missed one-year deadline while waiting for NCPLS).

Finally, petitioner alleges he is entitled to equitable tolling because he should have been appointed counsel to proceed with his MAR. However, a petitioner does not have a right to counsel in post-conviction proceedings. Coleman v. Thompson, 501 U.S. 722, 752-753 (1991). Because petitioner did not have a right to counsel to assist with litigating his post-conviction MAR, he has not demonstrated the "extraordinary circumstances" necessary to justify equitable tolling.

3. Actual Innocence

Petitioner argues that he may proceed with his action because he is actually innocent of being a habitual felon. In order to establish actual innocence sufficient to excuse a procedural default, a petitioner must show that it is more likely than not that no reasonable juror would have convicted him in light of new evidence not presented at trial. Bousley v. United States, 523 U.S. 614, 623 (1998); Buckner v. Polk, 453 F.3d 195, 199-200 (4th Cir. 2006) ("Petitioner's who wish to use a claim of actual innocence as a gateway to raising an otherwise defaulted constitutional claim must

demonstrate by a preponderance of the evidence that a reasonable juror could not have convicted the petitioner in light of the new evidence); Souter v. Jones, 395 F.3d 577, 589, 597 (6th Cir.2005) (recognizing disagreement among the courts of appeals but noting the majority of the circuits allowing for equitable tolling based on actual innocence require the petitioner to diligently pursue his federal habeas claims).

First, petitioner did not diligently pursue his actual innocence claim as demonstrated by the fact that he did not raise it until well after the expiration of the period of limitations. Second, petitioner's claim is meritless because his prior record level worksheet reflects that he had other felony convictions that could have been substituted on his habitual felon indictment for case number 3509. Resp't's Mem. Ex. 10. Accordingly, petitioner has not demonstrated that he is actually innocent of habitual felon status. Based upon the foregoing, petitioner's actual innocence claim is without merit, and the action is time-barred.

II.     Certificate of Appealability

Rule 11 of the Rules Governing Section 2254 Cases ("Habeas Rules") provides "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Having determined petitioner is not entitled to relief and respondent is entitled to dismissal of the petition, the court considers whether petitioner is nonetheless entitled to a certificate of appealability with respect to one or more of the issues presented in his habeas petition.

A certificate of appealability may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where a petitioner's constitutional claims have been adjudicated and denied on the merits by the district court, the petitioner must demonstrate reasonable jurists could debate whether the issue should have been decided differently or show the

10

issue is adequate to deserve encouragement to proceed further. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000).

Where a petitioner's constitutional claims are dismissed on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition [or motion] states a valid claim of denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" Rose v. Lee, 252 F.3d 676, 684 (4th Cir. 2001) (quoting Slack, 529 U.S. at 484). "Each component of the § 2253(c) showing is part of a threshold inquiry, and a court may find that it can dispose of the application in a fair and prompt manner if it proceeds first to resolve the issue whose answer is more apparent from the record and arguments." Slack, 529 U.S. at 484-85.

After reviewing the claims presented in the habeas petition in light of the applicable standard, the court finds reasonable jurists would not find the court's treatment of any of petitioner's claims debatable or wrong and none of the issue are adequate to deserve encouragement to proceed further. Accordingly, a certificate of appealability is denied.

## CONCLUSION

For the foregoing reasons, respondent's motion for summary judgment (DE # 8) is GRANTED. The certificate of appealability is DENIED. The Clerk of Court is DIRECTED to close this case.

SO ORDERED. This, the _10_ day of February, 2012.

_/s/ James C. Fox_
James C. Fox

11

Senior United States District Judge